# In the United States District Court
## for the
## Western District of Texas

United States of America      §
§
v.                    §      SA-05-CR-639-XR
§
Dean Gutierrez            §

## Order

On this day came on to be considered Defendant Dean Gutierrez's motion to terminate supervised release.

## Background

The Defendant was originally found guilty of violating 28 U.S.C. § 242 (deprivation of rights under color of law). The Defendant, then a San Antonio Police Officer, was found guilty of committing aggravated sexual abuse of a person in his custody. He was sentenced to serve a term of 292 months.

Thereafter, while this case was on appeal, Defendant filed a motion for new trial, arguing that newly discovered evidence warranted the granting of a new trial. This Court recommended to the Fifth Circuit Court of Appeals that the case be remanded and a new trial be ordered.

On remand, the Government and the Defendant reached an agreement wherein the Defendant pled guilty to an Information that charged him with depriving the person in his custody of the victim's right to be free from an

unreasonable seizure and causing bodily injury to the victim. Pursuant to the plea agreement, the Defendant was given a term of "time served" (approximately 14 months) and three years supervised release.

The Defendant now files the instant motion requesting that his supervised release be terminated. He began his supervised release on February 12, 2008.

## Analysis

### A. Defendant's Request for Early Termination of Supervised Release

18 U.S.C. § 3583(e) states, in pertinent part, as follows:

> The court may, after considering the factors set forth in section 3553(a)(1)[1], (a)(2)(B)[2], (a)(2)(C)[3], (a)(2)(D)[4], (a)(4)[5], (a)(5)[6], (a)(6)[7], and (a)(7)[8]--
> (1) terminate a term of supervised release and discharge the

---

[1] Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

[2] to afford adequate deterrence to criminal conduct;

[3] to protect the public from further crimes of the defendant;

[4] to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

[5] the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

[6] any pertinent policy statement-- (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress

[7] the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

[8] the need to provide restitution to any victims of the offense

defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

As indicated by the word "may", the sentencing court has discretion to terminate a defendant's supervised release. *U.S. v. Jeanes*, 150 F.3d 483 (5th Cir. 1998).

The Defendant argues that he has completed more than two years of his supervised release, he has complied with all of the Probation Office's requirements, and "it is no longer in the interests of justice for him to continue on supervised release." He also argues that he has been forced to forego better employment opportunities because of his continued supervised release requirements, however, he does not specify which conditions are hampering his employment opportunities.

Although a number of factors favor the Defendant's argument ((a)(2)(C)[9], (a)(2)(D)[10], (a)(6)[11], and (a)(7)[12]), the Court finds that "the interests of justice" and the following factors (3553(a)(1)[13], (a)(2)(B)[14], (a)(4)[15], (a)(5)[16]) weigh against the

---

[9] to protect the public from further crimes of the defendant;

[10] to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

[11] the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

[12] the need to provide restitution to any victims of the offense

[13] Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall

early termination of Defendant's supervised release.

As a result of the agreed-to plea, the Defendant received a lenient prison sentence, however, the Defendant admitted to assaulting a person in his custody. The nature and circumstances of this offense warrant that the entire term of supervised release be satisfactorily completed. In addition, full completion of the supervised release is needed to afford adequate deterrence to any possible future misconduct by other law enforcement officials. *See U.S. v. Suber*, 75 Fed. Appx. 442 (6th Cir. 2003).

## B.    Administration of a Penile Plethysmograph

The Defendant also complains that the Probation Office has recently required him to submit to "the administration of a penile plethysmograph.[17]" The Defendant argues that the PPG is unreliable and in his case unnecessary. The Court construes this objection as a petition to modify this condition if he is ordered to submit to the procedure.

---

consider--
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

[14] to afford adequate deterrence to criminal conduct;

[15] the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

[16] any pertinent policy statement-- (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress

[17] The penile plethysmograph (PPG) measures changes in blood flow in the penis. For sexual offenders it is typically used to determine the level of sexual arousal as the subject is exposed to sexually suggestive content, such as pictures, movies or audio. *See Jennings v. Owens*, 585 F.Supp.2d 881 (W.D. Tex. 2008).

The Government responds that Defendant committed a sex crime against his victim and accordingly requiring him to participate in a sex offender treatment program is appropriate. The Government further argues that although the victim was an adult transgendered person, the victim had "child-like" physical characteristics such as weighing only 90 pounds and having a height of less than five feet.

Various circuit courts have upheld discretionary special conditions of supervised release such as a polygraphs or penile plethysmographs where the record showed that the defendant pled guilty to attempting to receive in commerce child pornography. *See e.g., U.S. v. Dotson*, 324 F. 3d 256 (4th Cir. 2003); *U.S. v. Music*, 49 Fed. Appx. 393 (4th Cir. 2002); *U.S. v. Morgan*, 44 Fed. Appx. 881 (10th Cir. 2002); *U.S. v. Wilson*, 172 F.3d 50 (6th Cir. 1998).[18]

In this case, however, despite the Government's characterization of the victim as "child-like", the evidence in this case was the victim was an adult transgendered male presenting herself as an adult female. Although the victim was diminutive in physical stature, there was no evidence that the victim portrayed herself as a minor, nor was there any evidence that the Defendant believed the victim was a minor. In summary, there was no evidence presented either at trial or at sentencing that the Defendant had a sexual interest in minors.

---

[18] The Ninth Circuit, however, requires district courts in that circuit to make explicit findings on the record that these special conditions involve no greater deprivation of liberty than is reasonably necessary. *See e.g., U.S. v. Reyes-Platero*, 278 Fed. Appx. 729 (9th Cir. 2008).

The Probation Office has notified the Court that PPG testing is being recommended because the Defendant continues to assert that his sex act with the victim was consensual. The Defendant's continued denial of his crime is troubling. The undisputed evidence at his trial was that the Defendant was patrolling the downtown area and ventured off his patrol to the near westside of San Antonio where he encountered the victim. In order to believe the Defendant, it is necessary to conclude that the Defendant and the victim had previous consensual sexual encounters and had agreed to a rendezvous. The victim denied previously knowing the Defendant and the Defendant has never raised this as a defense.

Neither the Government nor the Probation Office, however, present any argument that PPG testings are regularly administered to defendants found guilty of committing a sexual assault upon an adult victim. Nor does the Government or Probation Office present any evidence that PPG testing is necessary in this case because the Defendant is suspected of harboring a sexual interest in minors. Finally, inasmuch as the Defendant was a police officer on duty when he committed the sexual assault, it is unnecessary for PPG testing to validate the fact that the offender has deviant fantasies, arousal patterns or behaviors.

The Court finds that the PPG special condition is not reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D). Further, the Court finds that in this instance the PPG special condition involves a greater deprivation of liberty than is reasonably necessary for the purposes set

forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D). Because of the disposition of this matter as set forth above, the Court makes no findings regarding Defendant's arguments as to the unreliability of PPG testing.

## Conclusion

The Defendant's motion for early termination of his supervised release is denied. The Defendant's alternative request that he not be subjected to PPG testing is granted.

It is so ORDERED.

SIGNED this 22nd day of March, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE